**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4656

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABRAHAM HERNANDEZ TORRES, a/k/a Beto, a/k/a Chavez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00233-RJC-2)

Submitted: December 11, 2008      Decided: December 17, 2008

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Cacheris, DOZIER, MILLER, POLLARD & MURPHY, LLP, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abraham Hernandez Torres pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court sentenced him to 121 months of imprisonment, and Torres timely appealed.

On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether Torres waived his right to appeal, and whether the district court erred in denying Torres' motion for a downward variance sentence. The Government declined to file a brief. We affirm.

Because the Government declined to argue that Torres' plea agreement appeal waiver bars his appeal, we do not consider sua sponte the effect of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

We review a sentence imposed by the district court for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). The court considers the totality of the circumstances in assessing the substantive reasonableness of a sentence. Id.

---

[1] Anders v. California, 386 U.S. 738 (1967).

This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

The district court correctly calculated Torres' Guidelines[2] range and imposed a sentence within that range and within the statutory maximum. The 121-month sentence is one month greater than the applicable statutory minimum of 120 months. See 21 U.S.C. § 841(b)(1)(A). In the absence of a Government motion for a departure, the district court lacked authority to sentence Torres below the statutory minimum. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).[3] Our review of the record leads us to conclude that Torres' sentence is reasonable.

---

[2] U.S. Sentencing Guidelines Manual (2007).

[3] Counsel suggests that the court could revisit the decision in Robinson. A panel of this court may not, however, overrule a prior published decision of the court. See United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We have reviewed the arguments asserted in Torres' pro se supplemental brief and find them to be without merit. We therefore affirm Torres' conviction and sentence. This court requires that counsel inform Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4